UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| KACEY LEWIS, | : | |
|     Plaintiff, | : | No. 3:18-cv-1725 (VLB) |
| | : | |
| v. | : | |
| | : | |
| JAMES WATSON, et al., | : | |
|     Defendants. | : | |
| | : | March 25, 2020 |

**RULING AND ORDER**

Plaintiff, Kacey Lewis, has filed a motion asking the Court to issue and serve a discovery subpoena and defendants have filed a motion to depose plaintiff. For the following reasons, plaintiff's motion is denied and defendants' motion is granted.

Plaintiff asks the Court to issue and serve a discovery subpoena seeking a video recording of an incident on December 6, 2019 between plaintiff and his unit manager. Plaintiff states that the recording is "crucial to plaintiff's motion for stay of proceedings filed in this case on August 26, 2019." Doc. #53 at 1. A review of the docket shows that the Court denied the motion for stay in a discovery status telephone conference on October 10, 2019. As the motion was denied two months before plaintiff filed this motion, the request is denied as moot.

Further, although plaintiff is proceeding *in forma pauperis* in this case, that status does not authorize the court to pay his discovery costs. *See Yagan v.*

*Burlingame*, No. 5:09-Cv-763 (DNH.GJD), 2009 WL 4575229, at *2 (N.D.N.Y. Nov. 25, 2009) (no authority for court to pay discovery costs for party proceeding *in forma pauperis*) (citing *Doe v. United States*, 112 F.R.D. 183, 185 (S.D.N.Y. 1986)); *Garraway v. Morabito*, No. 9:99-CV-1913(HGM), 2003 WL 21051724, at *7 (N.D.N.Y. May 8, 2003) (explaining to *pro se* litigant that court will not pay expenses associated with discovery); *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted).

As plaintiff is not entitled to court payment of discovery-related expenses in general, he is not entitled to service of his discovery subpoena. *See Boudreau v. Smith,* No. 3:17-cv-589(SRU), 2019 WL 3973997, at *10 (D. Conn. Aug. 22, 2019) (denying motion seeking service of discovery subpoena); *Hunnicutt v. Kitt*, No. 3:10-cv-857(CSH), 2011 WL 3047648, at *2 (D. Conn. July 25, 2011) (denying motion for waiver of fees to serve discovery subpoenas); *Muhammad v. Wright*, No. 08-CV0473(Sr), 2011 WL 1458064, at *3 (W.D.N.Y. Apr. 15, 2011) (noting indigent plaintiff must bear his own discovery costs including service of subpoenas on third parties).

If plaintiff needs a subpoena in the future, he should submit a request to the Clerk who will then issue a subpoena. Upon receipt of the subpoena, the plaintiff shall complete the form and arrange for service.

Defendants seek leave to depose plaintiff at Garner Correctional Institution on April 30, 2020 and such other dates as may be necessary to complete the deposition. Defendants' motion is granted.

In conclusion, plaintiff's motion for issuance and service of subpoena [Doc/ #53] is DENIED and defendants' motion to depose [Doc. #55] is GRANTED.

SO ORDERED at Hartford, Connecticut on this 25th of March, 2020.

                                                /s/
                                      Vanessa L. Bryant
                                      United States District Judge